## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEITH MATHIS, a resident of the District of Columbia, )
currently incarcerated at )
Rivers Correctional Institution )
145 Parker's Fishery Rd. )
Winton, NC 27986 )
)
REON HOLLOWAY, a resident of the District of )
Columbia, currently incarcerated at ) Civ. No. _____
Rivers Correctional Institution )
145 Parker's Fishery Rd. )
Winton, NC 27986 )
)
DAVID ROGERS, a resident of the District of )
Columbia, currently incarcerated at )
Rivers Correctional Institution, )
145 Parker's Fishery Rd. )
Winton, NC 27986 )
)
BENJAMIN HAMILTON, a resident of the District of )
Columbia, currently incarcerated at )
Rivers Correctional Institution )
145 Parker's Fishery Rd. )
Winton, NC 27986 )
)
CARL BUTLER, a resident of the District of Columbia, )
currently incarcerated at )
FCI Petersburg )
1060 River Rd. )
Hopewell, VA 23860 )
)
HAROLD ROBINSON, a resident of the District of )
Columbia, currently incarcerated at )
Rivers Correctional Institution )
145 Parker's Fishery Rd. )
Winton, NC 27986 )
)
CHARLES LEWIS, a resident of the District of )
Columbia, )
234 35th Street, NE, Apt #4 )
Washington, DC 20019 )
)

| | |
|---|---|
| JOHN DOE, a resident of the District of Columbia | ) |
| | ) |
| JOHN ROE, a resident of the District of Columbia | ) |
| | ) |
| and | ) |
| | ) |
| JIMMIE FOWLER, a resident of the District of Columbia, currently incarcerated at FCI Petersburg 1060 River Rd. Hopewell, VA 23860 | ) |
| | ) |
| Each individually and on behalf of all others similarly situated, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) |
| | ) |
| GEO GROUP INC., a Florida for-profit corporation c/o Corporation Service Company 1090 Vermont Ave., N.W. Washington, DC 20005 | ) |
| | ) |
| UNITES STATES OF AMERICA, through its department, the FEDERAL BUREAU OF PRISONS, 320 First St., N.W. Washington, DC 20534 | ) |
| | ) |
| and | ) |
| | ) |
| HARLEY LAPPIN, in his official capacity as Director of the United States Bureau of Prisons, 320 First St., N.W. Washington, DC 20534, | ) |
| | ) |
| *Defendants*. | ) |

## MOTION FOR LEAVE TO PROCEED BY PSEUDONYM

Plaintiffs John Doe and John Roe hereby respectfully move for an Order

permitting them to proceed by pseudonym in the above-captioned matter. As demonstrated by

2

the accompanying Memorandum of Points and Authorities, which is incorporated herein by reference, Plaintiffs Doe and Roe allege in this case that Defendants have failed to provide adequate medical services to treat their serious medical conditions, including John Doe's HIV and John Roe's mental illness. In light of these medical conditions, each will risk further discrimination and embarrassment in the community if his identity in this lawsuit becomes a matter of public record. Because Plaintiffs' counsel will disclose the identities of Mr. Doe and Mr. Roe to Defendants upon entry of an appropriate Protective Order, Defendants will not be prejudiced if these two Plaintiffs are permitted to proceed as "John Doe" and "John Roe."

Accordingly, the Court should grant Plaintiffs' Motion and should allow Plaintiffs' John Doe and John Roe to proceed under pseudonyms in this case.

DATED: June 27, 2007                                  Respectfully Submitted,

|  |  |
|---|---|
| Donald L. Kahl (D.C. Bar # 489472) | Anthony N. Herman (DC Bar # 424643) |
| Philip Fornaci (D.C. Bar # 434824) | Donald J. Ridings Jr. (D.C. Bar # 466808) |
| Deborah Golden (D.C. Bar # 470578) | Danielle Estrada (D.C. Bar # 494517)* |
| Ivy A. Lange (D.C. Bar # 488147) | COVINGTON & BURLING LLP |
| WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS | 1201 Pennsylvania Avenue N.W. |
| 11 Dupont Circle N.W. | Washington, D.C. 20004 |
| Suite 400 | 202.662.6000 (ph) |
| Washington, D.C. 20036 | 202.778.6000 (fax) |
| 202.319.1000 (ph) |  |
| 202.319.1010 (fax) | *Admitted to the Bar of the District of Columbia, but not admitted to practice before this Court. Petition for admission is pending. |

*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on the 27th day of June, 2007, a copy of the foregoing Motion for Leave to Proceed by Pseudonym, Memorandum in Support, Local Rule 7(m) Statement, and proposed Order was served by U.S. mail, postage prepaid, on unrepresented parties:

GEO Group Inc.
c/o Corporation Service Company
1090 Vermont Ave., N.W.
Washington, DC 20005

GEO Group Inc.
621 NW 53rd Street, Suite 700
Boca Raton, Florida 33487

Federal Bureau of Prisons
320 First St., N.W.
Washington, DC 20534

Harley Lappin
Director of the United States Bureau of Prisons
320 First St., N.W.
Washington, DC 20534

_Danielle Estrada_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH MATHIS, a resident of the District of Columbia, currently incarcerated at Rivers Correctional Institution 145 Parker's Fishery Rd. Winton, NC 27986 | ) ) ) ) ) ) |
| REON HOLLOWAY, a resident of the District of Columbia, currently incarcerated at Rivers Correctional Institution 145 Parker's Fishery Rd. Winton, NC 27986 | ) ) ) ) ) ) ) |
| | ) Civ. No. _____ |
| DAVID ROGERS, a resident of the District of Columbia, currently incarcerated at Rivers Correctional Institution, 145 Parker's Fishery Rd. Winton, NC 27986 | ) ) ) ) ) ) |
| BENJAMIN HAMILTON, a resident of the District of Columbia, currently incarcerated at Rivers Correctional Institution 145 Parker's Fishery Rd. Winton, NC 27986 | ) ) ) ) ) ) |
| CARL BUTLER, a resident of the District of Columbia, currently incarcerated at FCI Petersburg 1060 River Rd. Hopewell, VA 23860 | ) ) ) ) ) ) |
| HAROLD ROBINSON, a resident of the District of Columbia, currently incarcerated at Rivers Correctional Institution 145 Parker's Fishery Rd. Winton, NC 27986 | ) ) ) ) ) ) ) |
| CHARLES LEWIS, a resident of the District of Columbia, 234 35th Street, NE, Apt #4 Washington, DC 20019 | ) ) ) ) ) ) |

JOHN DOE, a resident of the District of Columbia        )
                                                        )
JOHN ROE, a resident of the District of Columbia        )
                                                        )
and                                                     )
                                                        )
JIMMIE FOWLER, a resident of the District of            )
Columbia, currently incarcerated at                     )
FCI Petersburg                                          )
1060 River Rd.                                          )
Hopewell, VA 23860                                      )
                                                        )
Each individually and on behalf of all others similarly )
situated,                                               )
                                                        )
                          *Plaintiffs*,        )
                                                        )
                  v.                                    )
                                                        )
GEO GROUP INC., a Florida for-profit corporation        )
c/o Corporation Service Company                         )
1090 Vermont Ave., N.W.                                 )
Washington, DC 20005                                    )
                                                        )
UNITES STATES OF AMERICA, through its                   )
department, the FEDERAL BUREAU OF PRISONS,              )
320 First St., N.W.                                     )
Washington, DC 20534                                    )
                                                        )
and                                                     )
                                                        )
HARLEY LAPPIN, in his official capacity as Director     )
of the United States Bureau of Prisons,                 )
320 First St., N.W.                                     )
Washington, DC 20534,                                   )
                                                        )
                         *Defendants*.       )

## ORDER

Plaintiffs' Motion to Proceed Under Pseudonym is GRANTED. Plaintiffs

identified in a separately sealed document filed with the Court on June 27, 2007 are permitted to

proceed as "John Doe" and "John Roe" in all filings in the above-captioned case.

ORDERED this _____ day of _____, 2007.

_____
United States District Judge

Service copies to:

Donald L. Kahl  (Counsel for Plaintiffs)
Philip Fornaci
Deborah Golden
Ivy A. Lange
WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle N.W.
Suite 400
Washington, D.C. 20036

Anthony N. Herman   (Counsel for Plaintiffs)
Donald J. Ridings Jr.
Danielle Estrada
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004

GEO Group Inc. (Defendant)
c/o Corporation Service Company
1090 Vermont Ave., N.W.
Washington, DC 20005

Federal Bureau of Prisons  (Defendant)
320 First St., N.W.
Washington, DC 20534

Harley Lappin (Defendant)
Director of the United States Bureau of Prisons
320 First St., N.W.
Washington, DC 20534

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH MATHIS, a resident of the District of Columbia, )
currently incarcerated at )
Rivers Correctional Institution )
145 Parker's Fishery Rd. )
Winton, NC 27986 )
    )
REON HOLLOWAY, a resident of the District of )
Columbia, currently incarcerated at )
Rivers Correctional Institution )
145 Parker's Fishery Rd. )
Winton, NC 27986 )
    ) Civ. No. _____
DAVID ROGERS, a resident of the District of )
Columbia, currently incarcerated at )
Rivers Correctional Institution, )
145 Parker's Fishery Rd. )
Winton, NC 27986 )
    )
BENJAMIN HAMILTON, a resident of the District of )
Columbia, currently incarcerated at )
Rivers Correctional Institution )
145 Parker's Fishery Rd. )
Winton, NC 27986 )
    )
CARL BUTLER, a resident of the District of Columbia, )
currently incarcerated at )
FCI Petersburg )
1060 River Rd. )
Hopewell, VA 23860 )
    )
HAROLD ROBINSON, a resident of the District of )
Columbia, currently incarcerated at )
Rivers Correctional Institution )
145 Parker's Fishery Rd. )
Winton, NC 27986 )
    )
CHARLES LEWIS, a resident of the District of )
Columbia, )
234 35th Street, NE, Apt #4 )
Washington, DC 20019 )
    )

DC: 2551521-1

JOHN DOE, a resident of the District of Columbia )
)
JOHN ROE, a resident of the District of Columbia )
)
and )
)
JIMMIE FOWLER, a resident of the District of )
Columbia, currently incarcerated at )
FCI Petersburg )
1060 River Rd. )
Hopewell, VA 23860 )
)
Each individually and on behalf of all others similarly )
situated, )
)
                          *Plaintiffs*, )
)
                 v. )
)
GEO GROUP INC., a Florida for-profit corporation )
c/o Corporation Service Company )
1090 Vermont Ave., N.W. )
Washington, DC 20005 )
)
UNITES STATES OF AMERICA, through its )
department, the FEDERAL BUREAU OF PRISONS, )
320 First St., N.W. )
Washington, DC 20534 )
)
and )
)
HARLEY LAPPIN, in his official capacity as Director )
of the United States Bureau of Prisons, )
320 First St., N.W. )
Washington, DC 20534, )
)
                          *Defendants*. )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PROCEED BY PSEUDONYM

2

Plaintiffs John Doe and John Roe respectfully submit this memorandum of law in support of their motion for an Order permitting them to proceed under pseudonym in all filings in this case.

The Plaintiffs allege in a complaint being filed today that the health care delivery system at the Rivers Correctional Institution, a private prison operated and overseen by Defendants, is grossly inadequate and unlawful. Plaintiffs further allege that this system has placed Doe and Roe, along with other men incarcerated at Rivers, at substantial and ongoing risk of serious injury or premature death, and has caused permanent physical damage and profound mental and physical pain to Doe, Roe, and other persons incarcerated at the facility.

Plaintiff Doe alleges that he arrived at Rivers with pre-existing medical conditions including HIV. He further alleges that Defendants confiscated his medications upon arrival, including his HIV drugs, and denied Mr. Doe all medication for the first week of his incarceration at Rivers. He alleges that Defendants required Mr. Doe to stand outside in the "pill line" multiple times a day to receive his medications. Mr. Doe alleges that as a result of Defendants' faulty health care delivery system and treatment, he was forced on a routine basis to miss his special dietary meal so that he could obtain his medications. He alleges that as a consequence, he lost over 15% of his body weight at Rivers and suffered from such severe weakness that he was unable to participate in outdoor activities or walk normally.

Mr. Roe alleges that at the time of his arrival at Rivers, he had previously been diagnosed as suffering from serious depression and schizophrenia as well as other chronic physical conditions. Mr. Roe had previously attempted suicide on at least three occasions. Mr. Roe alleges that while at Rivers, his psychotropic medications at times were replaced or

3

discontinued, and that he received entirely inadequate mental health care. As a result of the treatment he received at Rivers, Mr. Roe alleges that he suffered from insomnia and hallucinations, and continued to experience heightened chronic pain from his various physical conditions. Mr. Roe further alleges that his chronic depression, paranoia, and frequent hallucinations affected his ability to concentrate and to interact with other people, resulting in limitations of major life activities including thinking, reading, communicating with prison staff and others, following directions, and protecting himself from harm.

The Complaint alleges that both men suffer continuing physical, psychological, and mental injuries as a consequence of Defendants' conduct. Along with other plaintiffs, Mr. Doe and Mr. Roe assert Constitutional and statutory claims as well as common law negligence and third party beneficiary claims under the contract between Defendants GEO and BOP.

## ARGUMENT

Because of the sensitive nature of HIV positive status and mental illness, it is appropriate to permit Plaintiffs John Doe and John Roe to proceed under pseudonym in all filings made in this case. Rule 10(a) generally requires that the caption of a complaint "include the names of all the parties," Fed. R. Civ. P. 10(a), and the Local Rules require that the "first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." LCvRs 5.1(e)(1) and 11.1. Yet "many federal courts . . . have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The central inquiry is whether the plaintiff's "need for anonymity" outweighs "the general presumption that the parties' identities

are public information and the risk of unfairness to the opposing party." *Id.* at 1068 (citation omitted).

Although the United States Court of Appeals for the District of Columbia Circuit does not appear to have directly addressed this balancing test, in *United States v. Microsoft*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (per curium), the court cited with approval the Fourth Circuit's decision in *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), which summarized the following five factors "from the relatively few cases—both at trial and appellate levels—that have wrestled with the problem":

1. Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

2. Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

3. The ages of the persons whose privacy interests are sought to be protected;

4. Whether the action is against a governmental or private party; and

5. The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

In this case, these factors counsel in favor of allowing Plaintiffs John Doe and John Roe to proceed under pseudonym. Although Factors 2 and 3 appear inapplicable to the case at hand and are therefore neutral, the other three factors weigh heavily in favor of an order allowing these Plaintiffs to proceed as John Doe and John Roe.

*First*, the nature of their conditions counsels in favor of preserving Doe's and Roe's privacy interests in these matters of a sensitive and highly personal nature. Regrettably, the label of mental illness or "HIV positive" often continue to subject persons to severe social stigma. These conditions carry with them serious risks of alienation or isolation due to widespread misperceptions about these conditions.

For John Doe, his HIV positive status is an undeniably personal and sensitive issue and one that he does not share widely. Doe has attempted to maintain confidentiality concerning the existence of his condition by limiting its disclosure to few persons apart from medical providers. Doe did not otherwise widely disseminate the details concerning his condition for fear of public reaction. Based on past experience he fears that disclosure of these facts will result in discrimination, personal embarrassment, and anxiety.

For John Roe, the social stigma of his severe mental illness likewise involves undeniably personal and sensitive issues. Before the litigation commenced, Plaintiff Roe conscientiously kept his illness confidential from others at Rivers for fear of their reactions and potential stigmatization. He has only revealed his condition to medical providers and to those most close to him. He fears discrimination and feelings of embarrassment, concern, and anxiety in the event his condition were publicly disclosed.

Understanding the uniquely personal and sensitive issues involved in the conditions of HIV positive status and mental illness, many courts have recognized pseudonym use in cases involving both HIV and mental health issues. *See, e.g., Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Colautti*, 592 F.2d 704, 705 (3d Cir. 1979); *Doe v. Provident Life and Accident Insurance Co.*, 176 F.R.D. 464 (E.D. Pa. 1997);

6

*Doe v. County of Milwaukee*, 871 F. Supp. 1072 (E.D. Wis. 1995); *Doe v. Harris*, 495 F. Supp. 1161 (S.D.N.Y. 1980); *Doe v. Gallinot*, 486 F. Supp. 983 (C.D. Cal. 1979); *Doe v. New York Univ.*, 442 F. Supp. 522 (S.D.N.Y. 1978) (cases in which plaintiffs were permitted to file anonymously or through a pseudonym based on mental health conditions); *Roe v. City of Mikwaukee*, 37 F. Supp. 2d 1127 (E.D. Wis. 1999); *Patient v. Corbin*, 37 F. Supp. 2d 433 (E.D. Va. 1998); *Doe v. Shady Grove Adventist Hospital*, 598 A.2d 507 (Md. Ct. Sp. App. 1991); (cases in which plaintiffs could sue anonymously or through a pseudonym based on AIDS condition).

*Second*, the fact that this action is brought against a governmental entity and a company that has undertaken governmental obligations, and that it involves governmental activity, weighs in favor of granting the motion. Plaintiffs John Doe and John Roe were both injured while in the custody of the BOP, in a privately-operated facility that undertook to perform an essential government function. This also weighs in favor of granting the motion.

*Third*, allowing Plaintiffs John Doe and John Roe to remain anonymous will not prejudice Defendants. Plaintiffs' counsel will disclose the identities of Mr. Doe and Mr. Roe to Defendants upon entry of an appropriate Protective Order, thereby enabling Defendants to protect their interests in the lawsuit.

We note that in addition to meeting the factors outlined in *James v. Jacobson*, the balance of privacy interests with the public interest militates in favor of Plaintiffs Doe and Roe's motion. Plaintiffs' "need for anonymity" far outweighs any need to maintain the presumption of openness in judicial proceedings in this case. *Advanced Textile*, 214 F.3d at 1068. There is a substantial public interest in ensuring that claims such as those asserted by John Doe and John

7

Roe are adjudicated, and that the rights of individuals suffering from HIV and mental illness are represented fairly and without risk of discrimination or stigmatization. This goal is undermined if litigants suffering from HIV or mental illness are chilled from approaching the courthouse for fear of repercussions that would ensue if their conditions were made public. Although any litigant runs the risk of public embarrassment by revealing sensitive facts in a public courtroom, the situation for John Doe and John Roe is significantly different due to the stigma attached to their medical conditions, and the fact that their conditions will be discussed extensively in the future proceedings because they are directly tied to the subject matter of the litigation. By allowing Plaintiffs Doe and Roe to proceed under pseudonym while providing Defendants notice of their identities under the terms of a protective order, the Court may properly balance the interests of the litigants and the public by ensuring that the proceedings will be kept open to the public.[1]

For these reasons, the Court should grant Plaintiffs' Motion and permit Plaintiffs John Doe and John Roe to proceed under these pseudonyms in the litigation.

---

[1] The fact that Plaintiffs Doe and Roe's request comes at the start of the litigation "when the public will have relatively little interest in the litigants' names" further weighs in favor granting the motion. Joan Steinman, *Public Trial, Pseudonymous Parties: When Should Litigants Be Permitted to Keep Their Identities Confidential?*, 37 Hastings L.J. 1, 36 (1985)).

DATED: June 27, 2007                    Respectfully Submitted,

Donald L. Kahl (D.C. Bar # 489472)           Anthony N. Herman (DC Bar # 424643)
Philip Fornaci (D.C. Bar # 434824)           Donald J. Ridings Jr. (D.C. Bar # 466808)
Deborah Golden (D.C. Bar # 470578)           Danielle Estrada (D.C. Bar # 494517)*
Ivy A. Lange (D.C. Bar # 488147)             COVINGTON & BURLING LLP
WASHINGTON LAWYERS' COMMITTEE FOR            1201 Pennsylvania Avenue N.W.
  CIVIL RIGHTS AND URBAN AFFAIRS             Washington, D.C. 20004
11 Dupont Circle N.W.                        202.662.6000 (ph)
Suite 400                                    202.778.6000 (fax)
Washington, D.C. 20036
202.319.1000 (ph)
202.319.1010 (fax)                           *Admitted to the Bar of the District of
                                             Columbia, but not admitted to practice
                                             before this Court. Petition for admission is
                                             pending.

                                             *Counsel for Plaintiffs*

9