IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KEITH MATHIS, <u>et al.</u>, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GEO GROUP, INC., <u>et al.</u>, ) <br> ) <br> Defendants. ) | Case No. 1:07-cv-01155-RMU |

## <u>GEO GROUP, INC.'S MOTION TO DISMISS AND MOTION TO TRANSFER</u>

Defendant GEO Group, Inc. ("GEO"), by and through counsel, moves the Court to dismiss this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Alternatively, Defendant moves the Court to transfer this action to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404.

In support of these motions, GEO is filing its Memorandum of Points and Authorities, and a proposed Order.

Dated: July 25, 2007                     Respectfully submitted,


/s/ Deborah J. Israel
Deborah J. Israel, Esq. (DC Bar No. 430841)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, 7th Floor
Washington, DC 20005
(202) 857-4466 (Telephone)
(202) 261-0034 (Facsimile)
*Counsel for Defendant GEO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH MATHIS, et al.,        )
                             )
            Plaintiffs,      )
                             )
v.                           )        Case No. 1:07-cv-01155-RMU
                             )
GEO GROUP, INC., et al.,     )
                             )
            Defendants.      )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
GEO GROUP, INC.'S MOTION TO DISMISS AND MOTION TO TRANSFER**

Plaintiffs have filed this action in the United States District Court for the District of Columbia on behalf of themselves and others similarly situated seeking damages for alleged violations of their constitutional rights, violation of the Rehabilitation Act, common law negligence, and breach of contract. Plaintiffs have named GEO Group, Inc. ("GEO"), the Bureau of Prisons ("BOP"), and the Director of the Bureau of Prisons Harley Lappin ("Lappin") as defendants in this action. GEO now files the present brief in support of his Motion to Dismiss and Motion to Transfer.

**ARGUMENT**

The Court should dismiss Plaintiffs' claims against GEO because the Court lacks personal jurisdiction over GEO. In the event the Court deems that this action should not be dismissed, the action should be transferred to the United States District Court for the Eastern District of North Carolina as the balance of the private and public interests dictate the transfer of this action to the Eastern District of North Carolina.

## I.    THE COURT SHOULD DISMISS THIS ACTION BECAUSE IT LACKS PERSONAL JURISDICTION OVER GEO

Plaintiffs have failed to establish that this Court has personal jurisdiction over GEO. In order for personal jurisdiction to exist, GEO must consent to this Court exercising personal jurisdiction over it – which it has not – or Plaintiffs must establish that this Court's exercise of personal jurisdiction over GEO meets the requirements of the District of Columbia long-arm statute and the Due Process Clause of the Fifth Amendment. *See United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir.1995). This Court has recently reviewed the standard for exercising jurisdiction over an out-of-state defendant such as GEO:

> According to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving that the court has personal jurisdiction over the defendant by showing that the defendant purposefully availed himself of the benefits of the forum state by establishing minimum contacts and that the exercise of jurisdiction would comport with notions of fair play and substantial justice. "Bare allegations and conclusory statements are insufficient" to establish personal jurisdiction over a defendant. The plaintiff must instead "allege specific facts connecting each defendant with the forum state."

*Richards v. Duke University*, 480 F. Supp. 2d 222, 229 (D.D.C. 2007) (citations omitted). In this case, Plaintiffs have failed to allege the necessary facts to establish this Court's jurisdiction over GEO. Thus, GEO's Motion to Dismiss should be granted.

### A.    THE DISTRICT OF COLUMBIA CODE DOES NOT PROVIDE FOR THE EXERCISE OF JURISDICTION OVER GEO

A number of statutory provisions govern the exercise of jurisdiction by courts within the District of Columbia over individuals situated outside the District of Columbia, none of which apply to GEO. As GEO is an out-of-state party (Compl. ¶ 21), Plaintiffs must establish that GEO's actions fall within the provisions of D.C. Code § 13-423(a). In relevant part, § 13-423(a) states: "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's – (1) transacting any

business in the District of Columbia...." D.C. Code §§ 13-423(a)(1).

Plaintiffs have attempted to establish that GEO has been transacting business in the District of Columbia because of its solicitation of business from various federal entities within the District of Columbia.  (Compl. ¶ 30.)  However, the government contacts exception to the "transacting business" prong of the District's long-arm statute precludes consideration of these acts in a jurisdictional analysis.  "The government contacts principle establishes that entry into the District by nonresidents for the purpose of contacting federal governmental agencies cannot serve as a basis for personal jurisdiction." *Freiman v. Lazur*, 925 F. Supp. 14, 24 (D.D.C. 1996).

This Court's decision last year in *Savage v. BioPort, Inc.*, 460 F. Supp. 2d 55 (D.D.C. 2006), illustrates why GEO's contacts with the BOP are insufficient to satisfy the transacting business prong of the District's long arm statute.  In *Savage*, the plaintiff sought to hold the defendant, a corporation with its principal place of business in Michigan, liable for the plaintiff's adverse reaction to an anthrax vaccine administered to him while he was in the Army. *Id.* at 57-58.  In attempting to determine whether any of the plaintiff's claims arose out of BioPort's transaction of business within the district, the court stated, "[t]he only contacts [within the District of Columbia] that might give rise to Savage's claims are BioPort's contracts with [the Department of Defense]."  The court held that BioPort's contracts with the Department of Defense – and the attempts to win the contracts – could not serve as the basis for personal jurisdiction. *Id.* at 62 ("BioPort's contacts with DoD were made in an attempt to influence government action to purchase [their product]; therefore, its contacts are excluded by the government contacts principal from establishing jurisdiction in the District of Columbia.").

Similarly, in this case, Plaintiffs cannot point to any business transacted in the District of Columbia by GEO other than its contracts with the federal government and its attempts to obtain

those contracts. Based upon this Court's holding in *Savage* and related cases, GEO's contracts, meetings, long-term customer relationships, and commercial sales and marketing efforts involving the federal government are cannot form the basis for this Court's exercise of personal jurisdiction over GEO. Thus, as Plaintiffs cannot establish that this Court may exercise personal jurisdiction over GEO, Plaintiffs claims against GEO must be dismissed.

**II.     IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

If the Court determines that it has personal jurisdiction over GEO, this action should be transferred to the United States District Court for the Eastern District of North Carolina for further proceedings. A district court has the discretion, in the interest of justice, to transfer the action to any other judicial district in which the action may have been brought. *See* 28 U.S.C. § 1406(a).

This Court has previously determined that the appropriate venue for actions brought by inmates against The GEO Group, and its predecessor Wackenhut Correctional Corporation, is the judicial district in which the GEO Group facility in question is located. *See Jackson v. Federal Bureau of Prisons*, No. 06-592(GK), 2006 WL 243494 (D.D.C. 2006) (transferring action to the Eastern District of North Carolina); *McCullough v. Bureau of Prisons*, No 05CV374(HHK), 2006 WL 667166 (D.D.C. 2006) (transferring an action to the Eastern District of California); *Rogers v. Federal Bureau of Prisons*, 357 F. Supp. 2d 147 (D.D.C. 2003) (transferring an action to the Eastern District of California). In this case, transfer to the United States District Court for the Eastern District of North Carolina is appropriate because the action could have been brought in the Eastern District of North Carolina and the balancing of public and private interest factors counsel for the action to be transferred.

4

## A.   PLAINTIFF COULD HAVE BROUGHT THIS ACTION IN THE EASTERN DISTRICT OF NORTH CAROLINA

As this action is based upon federal question jurisdiction, the determination of the venue in which this action may be brought is determined by the provisions of 28 U.S.C. § 1391(b). Section 1391(b) provides that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> > (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> >
> > (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Thus, in order for the action to have initially been filed in the Eastern District of North Carolina the Eastern District of North Carolina must satisfy one of these provisions.

Plaintiffs' Complaint is almost exclusively based upon actions which took place at Rivers Correctional Institution, located in Winton, North Carolina. As Winton is located within the Eastern District of North Carolina, the Eastern District of North Carolina is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred. Therefore, this action could have been originally brought in the Eastern District of North Carolina.

**B.    THE PUBLIC AND PRIVATE INTERESTS WEIGH IN FAVOR OF TRANSFERRING THIS ACTION TO THE EASTERN DISTRICT OF NORTH CAROLINA.**

After establishing that the action could have been brought in another judicial district, the Court must consider whether a series of private and public interest factors indicate that it would be in the interest of justice and convenience of the parties to transfer this matter.  *Rogers v. Federal Bureau of Prisons*, 257 F. Supp. 2d 147, 147-48 (D.D.C. 2003).

In this case, both the private and public interest factors weigh in favor of transferring this action to the Eastern District of North Carolina.  Thus, in the event the court does not dismiss this action, it Snyder's Motion to Dismiss should be granted.

1.    THE PRIVATE INTEREST FACTORS WEIGH IN FAVOR OF TRANSFERRING THIS ACTION

A seven factor test is used to determine whether the private interests weigh for or against transfer: (1) the plaintiff's choice of forum; (2) the defendant's forum choice; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses to the extent that they may be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 71 (D.D.C. 2005).

a.    The District Court for the District of Columbia has limited interest in this action.

While a plaintiff's choice of forum is typically accorded substantial deference, such deference is not appropriate in this case due to the relief sought by Plaintiffs.  *Rogers v. Federal Bureau of Prisons*, 257 F. Supp 2d 147, 148 (2003).  This Court has previously held that "[i]n cases brought by prisoners requesting mandamus or declaratory relief … transferring the action to the district wherein the prisoner is incarcerated serves the interest of justice.  Accordingly, when an inmate not incarcerated in the District of Columbia brings a petition for mandamus or

6

declaratory judgment seeking resolution of issues not related to the District of Columbia, the court should, absent extraordinary circumstances, transfer the action as a matter of course to the district of confinement." *Rogers v. Federal Bureau of Prisons*, 257 F. Supp. 2d 147, 148 (D.D.C. 2003) (citations omitted).

Based upon the Prayer for Relief in the Complaint, Plaintiffs are seeking a variety of mandatory and declaratory judgments. (Compl. at 46-48.)  Additionally, from the addresses listed on the Complaint it appears that none of the Plaintiffs are incarcerated in the District of Columbia.  Thus, based upon this Court's holding in *Rogers*, the action should be transferred to the Eastern District of North Carolina.

        b.      The District Court for the Eastern District of North Carolina has a strong interest in this matter.

For the same reasons that the District of Columbia has a limited interest in this action, North Carolina has a strong interest in this action.  The Eastern District of North Carolina serves as the district of confinement for half of the named Plaintiffs in this matter and the mandatory and declaratory relief sought by Plaintiffs directly impacts Rivers Correctional Institution.  Thus, based upon this Court's holding in *Rogers*, the action should be transferred to the Eastern District of North Carolina.

        c.      Plaintiffs' claim arose in the Eastern District of North Carolina.

All of the claims in this action arise out of actions which allegedly took place at Rivers Correctional Institution.  (Compl. *passim*.)  The Plaintiffs who are not incarcerated at Rivers either were incarcerated at Rivers or may be incarcerated at Rivers in the future.  (Compl. ¶¶ 14, 16, 17, 18, & 19.)  Thus, this factor weighs heavily in favor of transfer of this action to the Eastern District of North Carolina.

d.    Convenience of the Parties

While the named parties are spread throughout the east coast of the United States, the potential members of the class are centralized at Rivers Correctional Institution. Thus, this factor should weigh in favor of the transfer of this action to North Carolina.

e.    Ability to compel witnesses

The geographic limitations placed upon a District Court's subpoena power are described in Rule 45 of the Federal Rules of Civil Procedure. Rule 45 provides that a subpoena may only be served "within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place" of the proceeding for which testimony is required. *See* Fed. R. Civ. P. 45(b)(2). Moreover, "the court by which a subpoena was issued shall quash or modify the subpoena if it ... requires a person who is not a party ... to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person...." *See* Fed. R. Civ. P. 45(c)(3)(A)(ii). Thus, a district court is limited in its ability to compel testimony from individuals located more than 100 miles away from the district court.

It appears that most of the witnesses in this matter should either be parties, employees of parties, or expert witnesses. Thus, there should be little need to compel witnesses. However, to the extent that testimony is necessary from former employees of Rivers, it is more likely that they will reside within the subpoena power of the courts within the Eastern District of North Carolina than the District of the District of Columbia. As a result, this factor weighs in favor of transfer of this action to North Carolina.

8

f.      The majority of sources of proof are found in the Eastern District of North Carolina.

The allegations in this case involve the medical treatment provided at Rivers Correctional Institution in general and, specifically, Plaintiffs medical treatment.    These records are maintained at Rivers Correctional Institution. (White Aff. at ¶ 3.)

Additionally, it is likely that many of the fact-witnesses in this matter will be members of the administration and medical staff at Rivers Correctional Institution.  It would be unfair, unduly burdensome, and detrimental to the operations of Rivers Correctional Institution to require these individuals to travel to the District of Columbia to testify in this matter.  To the extent that current inmates are called as witnesses, it would be more convenient to transport them from Rivers Correctional Institution to a location in the Eastern District of North Carolina than the District of Columbia.  Thus, this factor counsels for the transfer of this action to the District Court for the Eastern District of North Carolina.

2.      THE PUBLIC INTEREST FACTORS WEIGH IN FAVOR OF TRANSFERRING THIS ACTION

The public interest factors for the Court's consideration include, "(1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 71 (D.D.C. 2005).  These factors all weigh in favor of the transfer of this action to the Eastern District of North Carolina.

a.      The district courts of North Carolina will be more familiar with the North Carolina law of negligence

The claims in this case involve questions of both state and federal law.  Plaintiffs have alleged two federal claims: (1) a violation of their constitutional rights; and (2) a violation of the Rehabilitation Act and two state law claims: (1) negligence; and (2) breach of contract.  (Compl.

9

¶¶ 62-89.) As shown in more detail below, based upon application of the District of Columbia's conflict of laws provisions, the negligence claim should be governed by North Carolina law and thus, this action should be heard in the Eastern District of North Carolina.

The federal aspects of this case do not assist in determining whether this action should be transferred. As it is presumed that the judges of the District Court for the Eastern District of North Carolina are equally as well versed as the judges of the District Court for the District of Columbia, this factor is neutral. *See Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 70 n.6 (D.D.C. 2003).

However, the common law claim of negligence raised by Plaintiffs weighs in favor of the transfer of this action to North Carolina.[1] There are distinct differences between District of Columbia tort law and North Carolina tort law. Specifically, North Carolina medical malpractice actions are governed by specific statutory provisions, *see* N.C. Gen. Stat. § 90-21.11 *et seq.* This substantial difference in the law of the two potential fora creates a true conflict of laws.

In order to resolve this conflict, the court must apply the District of Columbia's choice of law rules. *Reed v. District of Columbia,* 474 F. Supp. 2d 163, 166 (D.D.C. 2007). In order to determine whether Plaintiffs' negligence claim is governed by the law of the District of Columbia or the law of North Carolina, this court should consider: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship between the parties, if any, is centered. *See Herbert v. District of Columbia*, 808 A.2d 776, 779 (D.C. 2002).

---

[1] It appears that the standard for determining whether a party is a third-party beneficiary to a contract is the same in both the District of Columbia, *see Fields v. Tillerson*, 726 A. 2d 620 (D.C. 1999), and North Carolina, *see Babb v. Bynum & Murphrey, PLLC*, --N.C. App. --, 643 S.E. 2d 55,57-58 (2007).

The District of Columbia's choice of law provisions indicate that these claims must be governed by North Carolina law. As Plaintiffs' allege that they were injured by the actions or inactions of the medical staff at Rivers Correctional Institution, the choice of law analysis indicates that the negligence claim should be governed by North Carolina law. The interests of justice "are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Trout Unlimited v. U.S. Dept. of Agriculture*, 944 F. Supp. 13, 19 (D.D.C. 1996). Thus, as Plaintiffs' negligence claims will be governed by North Carolina law and North Carolina judges will be more familiar with these provisions, the action should be transferred to North Carolina.

> b.    The docket for the District Court for the District of Columbia is over twice as congested as the docket for the District Court for the Eastern District of North Carolina.

Based upon the 2006 Federal Judicial Caseload Statistics published by the United States Administrative Office of the Courts, the District Court for the District of Columbia had 3,276 cases pending on March 31, 2006. See Office of Judges Programs, Administrative Office of the Courts, Federal Judicial Caseload Statistics, Table C-1 (2006) (annexed hereto as Attachment 4), *available at* http://www.uscourts.gov/caseload2006/contents.html. The District Court for the Eastern District of North Carolina had 1,391 cases pending on the same date. *Id.* As it appears that the docket of the District Court for the District of Columbia has over twice as many cases pending as the District Court for the Eastern District of North Carolina, this factor weighs in favor of transferring the case to the less congested docket in the Eastern District of North Carolina.

      c.      The Eastern District of North Carolina has an interest in adjudicating a controversy regarding those who run its correctional institutions

This Court has previously held that "controversies should be resolved in the locale where they arise." *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 9 (D.D.C.1996). The alleged wrongdoing in this case was undertaken by individuals working in North Carolina providing medical care to inmates incarcerated in North Carolina. As this matter has arisen out of actions taken by employers and citizens within the borders of North Carolina, this factor should weigh in favor of a transfer to North Carolina. *See Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 74 (D.D.C. 2005).

## CONCLUSION

The government contracts exception to the District of Columbia's long arm statute precludes this Court from exercising jurisdiction over GEO. Thus, this action should be dismissed. In the alternative, this action should be transferred to the Eastern District of North Carolina because this action could initially been brought in the Eastern District of North Carolina and the public and private interest factors all weigh in favor of the transfer of this action.

Dated: July 25, 2007                Respectfully submitted,

                                /s/ Deborah J. Israel
                                Deborah J. Israel, Esq. (DC Bar No. 430841)
                                Womble Carlyle Sandridge & Rice, PLLC
                                1401 Eye Street, NW, 7th Floor
                                Washington, DC  20005
                                (202) 857-4466 (Telephone)
                                (202) 261-0034 (Facsimile)
                                *Counsel for GEO Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2007, a true and correct copy of the foregoing *GEO Group, Inc.'s Motion to Dismiss and Memorandum of Points and Authorities in Support of Defendant GEO Group, Inc.'s Motion to Dismiss and Motion to Transfer* has been served via CM/ECF on the following:

> Donald J. Ridings, Jr.
> Covington & Burling LLP
> 1201 Pennsylvania Avenue, NW
> Washington, DC 20004
> *Attorney for Plaintiffs*

/s/ Deborah J. Israel
Deborah J. Israel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH MATHIS, et al.,                 )
                                      )
                Plaintiffs,           )
                                      )
                                      )    Case No. 1:07-cv-01155-RMU
v.                                    )
                                      )
GEO GROUP, INC., et al.,              )
                                      )
                Defendants.           )

**AFFIDAVIT OF JOHN WHITE**

I, John White, being duly sworn, do depose and state as follows:

1.      I am over 18 years of age, competent to testify, and give this affidavit of my own personal knowledge for use in the above-captioned matter.

2.      I am employed as the Records Office Manager for Rivers Correctional Institution ("Rivers") in Winton, North Carolina. I am the Custodian of Records at Rivers.

3.      It is the general practice that an inmate's records, including the inmate's Central Files, Judgment Commitment Files, and Medical Records, are maintained at Rivers while the inmate is incarcerated there.

4.      If an inmate is transferred to another correctional institution, the inmate's records are transferred with him.

5.      If an inmate is released or transferred to a community corrections center, his records are maintained at Rivers until the full term of the inmate's sentence has expired.



FURTHER AFFIANT SAYETH NOT

_____
JOHN WHITE

Sworn to and subscribed before me
this 25 day of _July_ , 2007.

_____
Notary Public

My Commission Expires: _9-24-07_

Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
**(Cite as: 2006 WL 2434938 (D.D.C.))**

**C**

Only the Westlaw citation is currently available.

United States District Court,
District of Columbia.
Michael JACKSON, Plaintiff,
v.
FEDERAL BUREAU OF PRISONS, et al., Defendants.
Civil Action No. 06-592(GK).

Aug. 22, 2006.
Michael Jackson, Winton, NC, pro se.

Eric J. Janson, U.S. Attorney's Office, Paul A. Kaplan, Womble Carlyle Sandridge & Rice PLLC, Washington, DC, for Defendants.

### MEMORANDUM OPINION
GLADYS KESSLER, District Judge.

**\*1** Plaintiff, a federal inmate proceeding *pro se,* brought this action alleging that the Defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, by failing to provide him the pork-free diet required by his religious beliefs. The complaint names as Defendants the Bureau of Prisons ("BOP") and Harley Lappin, the Director of BOP ("Federal Defendants"), and the **GEO** Group, Inc. and two of its employees, David Palmer, Assistant Warden at the Rivers Correctional Institution ("RCI"), and James K. Brown, the prison chaplain. ("**GEO** Defendants"). Defendants have filed motions to dismiss.

### Background
Plaintiff is incarcerated at the RCI in Winton, North Carolina. Complaint, p. 1. The RCI is operated by the **Geo** Group, Inc. pursuant to a contract with the BOP. *Id.,* p. 5. Plaintiff alleges that he is a practicing Sunni Muslim and that his religion has strict dietary laws and requirements. *Id.,* p. 4. On July 5, 2005, Plaintiff claims he was in the RCI's dining hall during the serving of special diets. *Id.,* p. 3. The dining staff handed him a food tray containing pinto beans with pork. *Id.* He returned the tray and was given one without pork. *Id.* The consumption of pork violates

Plaintiff's Muslim faith. *Id.,* p. 2.

Plaintiff met with defendant James K. Brown, the chaplain at RCI, and complained to him that he had failed to offer the prison's Muslim community the opportunity to observe their faith's dietary requirements. *Id.,* p. 4. Plaintiff also filed an informal Request for an Administrative Remedy raising the issue of the pork in his food. *Id.,* Ex. 1. He alleges that after the request was denied, he met with Assistant Warden David Farmer. *Id.,* p. 4. Defendant Farmer stated that the BOP's dietary program complied with Plaintiff's religious requirements. *Id.*

In response to Plaintiff's appeal of the denial of his grievance, RCI's Warden acknowledged that a case of pinto beans containing pork was inadvertently received into the facility. *Id.,* Ex. 2. According to the Warden, the case of beans was immediately disposed of and not served to the inmates. *Id.* He also affirmed that the food served at RCI was pork-free. *Id.* Plaintiff's further administrative appeals to the BOP were denied. *Id.,* p. 3.

### Standard of Review
Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Federal Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C.Cir.2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams,* 348 F.3d 1033, 1040 (D.C.Cir.2003) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

**\*2** A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia,* 353 F.3d 36, 37 (D.C.Cir.2004); *Kingman Park,* 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(1) or 12(b)(6) mo-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.


EXHIBIT
2

Not Reported in F.Supp.2d                                                                          Page 2
Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
(Cite as: 2006 WL 2434938 (D.D.C.))

tion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States,* 334 F.3d 61, 67 (D.C.Cir.2003), *cert. denied,* 540 U.S. 1149 (2004); *Holy Land Found. for Relief & Dev. v. Ashcroft,* 333 F.3d 156, 165 (D.C.Cir.2003), *cert. denied,* 540 U.S. 1218 (2004). The court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren,* 353 F.3d at 39; *Browning,* 292 F.3d at 242. In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Felter v. Norton,* 412 F.Supp.2d 118, 122 (D.D.C.2006) (citation and quotation omitted).

The **GEO** Defendants assert that this Court lacks personal jurisdiction over them. The plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Atlantigas Corp. v. Nisource, Inc.,* 290 F.Supp.2d 34, 42 (D.D.C.2003). In order to meet his burden, a plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. *Id.* Furthermore, a plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *Id.* In deciding a motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2), the Court need not treat plaintiff's allegations as true. *Id.* Rather, the Court may consider and weigh affidavits and other relevant matter in making the jurisdictional determination. *Id.*

**Discussion**

*Federal Defendants*

The Federal Defendants move to dismiss on the ground that the RLUIPA does not apply to the BOP. In order to properly evaluate the Defendants' argument, it is necessary to understand the legislative and jurisprudential history of this area of law. RLUIPA is the "latest of long-running congressional efforts to accord religious exercise heightened protection from government-imposed burdens" than that required by the Supreme Court's free exercise clause jurisprudence. *Cutter v. Wilkinson,* 125 S.Ct. 2113, 2117-2118 (2005). To that end, in 1993, Congress enacted the Religious Freedom Restoration Act

("RFRA"). That statute was intended to overturn *Employment Div., Dep't of Human Resources of Or. v. Smith,* 494 U.S. 872 (1990), a decision which held that the First Amendment permits governments to apply neutral generally applicable laws to a religious practice without a showing of a compelling state interest. *Cutter,* 125 S.Ct. at 2118; *Caldwell v. Caesar,* 150 F.Supp.2d 50, 55 (D.D.C.2001). RFRA provides that a government "shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability" unless the government demonstrates that it "is in furtherance of a compelling government interest" and "is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb.

**\*3** In *City of Boerne v. Flores,* 521 U.S. 507, 523-36 (1997), the Supreme Court held that RFRA was unconstitutional as applied to the states. A number of courts of appeals, including ours, have held that RFRA still applies to the federal government. *See Cutter,* 125 S.Ct. at 2118; *Henderson v. Kennedy,* 265 F.3d 1072, 1073 (D.C.Cir.2001); *Gartrell v. Ashcroft,* 191 F.Supp.2d 23, 37 (D.D.C.2002). [FN1]

> FN1. The Supreme Court has yet to decide the issue. *Cutter,* 125 S.Ct. at 2118 n. 2.

In response to the Supreme Court invalidating RFRA as applied to the states, Congress enacted RLUIPA. *Cutter,* 125 S.Ct. at 2118. Section 3 of RLUIPA, 42 U.S.C. § 2000cc-1, applies to religious exercise by institutionalized persons. The statute provides that "no *government* shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government demonstrates that the burden furthers "a compelling government interest" and that it has adopted the "least restrictive means" to serve that interest. *Id .,* § 2000-cc-1(a)(1)-(2)(emphasis supplied). An individual affected by such a burden has a right to pursue judicial relief. *Id.,* § 2000-cc-2(a).

Under RLUIPA, the term "government" is defined as (1) a State, county, municipality, or other government entity created under the authority of a State; (2) any branch, department, agency, instrumentality, or official of these entities; and (3) any other person acting

Not Reported in F.Supp.2d                                                          Page 3
Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
**(Cite as: 2006 WL 2434938 (D.D.C.))**

under color of State law. § 2000cc-5(4). The statute does not create a cause of action against the federal government or its correctional facilities. *Ish Yerush-alayim v. United States*, 374 F.3d 89, 92 (2d Cir.2004); *Bloch v. Samuels*, No. H-04-4861, 2006 WL 2239016, at *7 (S.D.Tex. Aug. 3, 2006); *Sample v. Lappin*, 424 F.Supp.2d 187, 192 n. 3 (D.D.C.2006); *Terrero v. Watts*, No. 202-134, 2005 WL 2838142, at *5 (S.D.Ga. Oct. 26, 2005). This conclusion is the only sensible construction of the statute. RLUIPA was specifically enacted to counter a Supreme Court decision holding that the identical provisions of RFRA could not be applied to the states. *Cutter*, 125 S.Ct. at 2118. In addition, as noted above, inmates still retain a cause of action under RFRA against the federal government. Therefore, Plaintiff cannot bring a RLUIPA claim against the Federal Defendants.

*GEO Defendants*

These Defendants move to dismiss based on lack of personal jurisdiction. The caption of Plaintiff's complaint lists the addresses of Defendants **Geo** Group, Inc., David Farmer, and James K. Brown as being in Winton, North Carolina. The complaint does not allege that the Defendants reside in the District of Columbia or conduct business here.

The District of Columbia long-arm statute, D.C.Code § 13-423, is the only basis upon which personal jurisdiction may be exercised over defendants who do not reside within or maintain a place of business in the District of Columbia. *Reuber v. United States*, 750 F.2d 1039, 1040 (D.C.Cir.1984); *Robertson v. Merola*, 895 F.Supp. 1, 3 (D.D.C.1995). The District of Columbia long-arm statute provides that a Court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C.Code § 13-423(a)(1)- (4)(2006). For there to be personal jurisdiction under the long-arm

statute, the plaintiff must allege some specific facts evidencing purposeful activity by defendants in the District of Columbia by which they invoked the benefits and protections of its laws and specific acts connecting the defendants with the forum. *See, e.g., Cellutech v. Centennial Cellular Corp.*, 871 F.Supp. 46, 48 (D.D.C.1994).

*\*4 Plaintiff contends that the Court has jurisdiction over the **GEO** Defendants by virtue of its contract with the BOP to operate the RCI . [FN2] In 1997, Congress transferred responsibility for the imprisonment of felons convicted under the D.C.Code from the District of Columbia to the federal government pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"). *Fletcher v. Reilly*, 433 F.3d 867, 870 (D.C.Cir.2006); *see* D.C.Code §§ 24-101 *et seq.* The statute provides that D.C.Code offenders "shall be designated by the Bureau of Prisons to a penal or correctional facility operated or contracted by the Bureau of Prisons ..." *Id.*, § 24-101(a). In addition, the Revitalization Act mandates that fifty percent of D.C. inmates be incarcerated in private correctional facilities. *Id.*, § 24-101(c)(1)(B).

> FN2. Following briefing on the Defendants' motions to dismiss, Plaintiff filed a motion for jurisdictional discovery. Such discovery is only warranted if the Plaintiff reasonably demonstrates that the discovery will enable him to show that the court has personal jurisdiction over the defendants. *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C.Cir.2000); *Carribean Broad Sys. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C.Cir.1998). In his motion, Plaintiff alleges that discovery will demonstrate that the **GEO** Group has extensive contact with BOP and other federal agencies in the District of Columbia, as well as the D.C. Jail. Plaintiff contends that this information would indicate that the **GEO** Group is transacting business in the District of Columbia.

As the Court notes below, none of these allegations, if proven, would establish personal jurisdiction over the **GEO** Defendants.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)

**(Cite as: 2006 WL 2434938 (D.D.C.))**

The Court will deny Plaintiff's motion.

The BOP and **Wackenhut** Correctional Corporation, now part of the **GEO** Group, entered into a contract for **Wackenhut** to house D.C. inmates pursuant to the Revitalization Act. *See* Pl.'s Opp. to Deft.'s Mot. to Dismiss, Ex. 1. The fact that this agreement was made pursuant to the Revitalization Act or executed within the District of Columbia does not confer personal jurisdiction over out-of-state defendants. *See Ali v. Dist. of Columbia, 278 F.3d 1, 7 (D.C.Cir.2002); Ibrahim v. Dist. of Columbia, 357 F.Supp.2d 187, 192-94 (D.D.C.2004).*

None of the **GEO** Defendants resides in the District of Columbia. Plaintiff's complaint alleges acts and omissions at the RCI in North Carolina. Plaintiff has not alleged that he suffered an injury in the District of Columbia. The only connection this case has with the District of Columbia is that the BOP is headquartered here. This fact by itself is insufficient to confer personal jurisdiction over the **GEO** Defendants. *See Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C.Cir.1993).* Accordingly, this Court lacks personal jurisdiction over the individual defendants.

The Court may transfer an action even though it lacks personal jurisdiction over the defendants. *Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C.Cir.1983); Hoffman v. Fairfax County Redevelopment & Hous. Auth., 276 F.Supp.2d 14, 16 n. 1 (D.D.C.2003).* Transfer is appropriate under 28 U.S.C. § 1406(a) "when procedural obstacles [such as lack of personal jurisdiction and improper **venue**] impede an expeditious and orderly adjudication on the merits." *Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C.Cir.1983)* (citing *Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962)); Crenshaw v. Antokol, 287 F.Supp.2d 37, 45 (D.D.C.2003).* The decision to transfer an action on this basis is left to the discretion of the court. *Novak-Canzeri v. Saud, 864 F.Supp. 203, 207 (D.D.C.1994).* As a general matter, a transfer of the case is favored over a dismissal. *El v. Belden, 360 F.Supp.2d 90, 93 (D.D.C.2004).* [FN3]

> FN3. Unlike the Federal Defendants, the **GEO** Defendants have not moved to dismiss for lack of subject matter jurisdiction or for failure to state a claim.

The alleged events giving rise to Plaintiff's claim occurred at the RCI, which is located in the Eastern District of North Carolina. The **GEO** Defendants are also in the same district. Since Plaintiff is incarcerated at RCI, his BOP records are no doubt maintained there. In the interest of justice, therefore, the Court will transfer the action against the **GEO** Defendants to the United States District Court for the Eastern District of North Carolina.

**Conclusion**

**\*5** Based on the foregoing, the Federal Defendants' motion to dismiss will be granted. The claim against the **GEO** Defendants will be transferred. An appropriate order accompanies this Memorandum Opinion.

Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 667166 (D.D.C.)
(Cite as: 2006 WL 667166 (D.D.C.))

C

Only the Westlaw citation is currently available.

United States District Court, District of Columbia.
Perry A. MCCULLOUGH, Plaintiff,
v.
BUREAU OF PRISONS, et al., Defendants.
No. 05CV374 (HHK).

March 15, 2006.
Perry A. McCullough, Terminal Island, CA, pro se.

John F. Henault, Jr., U.S. Attorney's Office, Washington, DC, Paul A. Kaplan, Paul A. Kaplan, Womble Carlyle Sandridge & Rice PLLC, Washington, DC, for Defendants.

*MEMORANDUM OPINION*
KENNEDY, J.

**\*1** This matter is before the Court on defendants' motions to dismiss. Having considered the motions and plaintiff's oppositions, the Court will transfer this action to the United States District Court for the Eastern District of California.

## I. BACKGROUND
At all times relevant to the complaint, plaintiff was a federal prisoner incarcerated at the Taft Correctional Institution ("TCI"), a facility which **Wackenhut** Corrections Corporation ("**Wackenhut**") operated under contract with the Federal Bureau of Prisons ("BOP"). [FN1] Compl. ¶¶ 1-3 (Part II). [FN2]

> FN1. Plaintiff was transferred from TCI to the Federal Corrections Institution in Tucson, Arizona. Compl. ¶¶ 69, 82 (Part III). Later he was transferred to the Federal Corrections Institution in Terminal Island, California, where he currently is incarcerated in a low security facility. *See id.* (Part VI).

> FN2. Plaintiff prepared his Complaint in six sections: Nature of the Action (Part I), Parties to the Action (Part II), Factual Basis for the Verified Complaint for Damages (Plaintiff's Affidavit) (Part III), Causes of

Action (Part IV), Classification of Defendants (Part V), and Relief Requested (Part VI). Each section is set forth in sequentially numbered paragraphs. References to the Complaint generally will include the paragraph number and section number.

Plaintiff states that defendants falsified records pertaining to disciplinary actions taken against him following his alleged leadership role in effecting a food and work strike at TCI in November 2001. Although defendants determined that plaintiff committed no disciplinary violation, records identifying his role in the strike remain in his Central File. Defendants' reliance on these erroneous records, plaintiff contends, led to adverse determinations with respect to his supervision and security levels.

Plaintiff, who is proceeding *pro se*, brings this action under the Privacy Act, *see* 5 U.S.C. § 552a, against **Wackenhut** and the BOP. He alleges that defendants "generated several falsified documents which they used as the proximate cause for the improper retaliatory transfer of the Plaintiff." Compl. ¶ 69 (Part III). He further alleges that defendants placed those falsified documents in his Central File, and used "those documents to maintain inaccurate records for the purpose of adversely affect [sic] Plaintiff through a retaliatory transfer to a higher level institution, as a special offender, under Central Inmate Monitoring." [FN3] *Id.* (Part IV).

> FN3. Evidently, plaintiff was to be separated from the two inmates with whom he allegedly planned the food and work strike at TCI. *See* Compl. ¶¶ 70, 72 & Ex. V (December 17, 2001 Memorandum approving classification as a Central Inmate Monitoring case).

In addition to his Privacy Act claims, plaintiff brings civil rights claims under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against 22 individuals who are employees either of the BOP or **Wackenhut.** He contends that these defendants vi-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 667166 (D.D.C.)
**(Cite as: 2006 WL 667166 (D.D.C.))**

Page 2

olated rights protected by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution by denying him due process and by subjecting him to cruel and unusual punishment. *See* Compl. (Part IV). He demands injunctive relief and monetary damages. *Id.*

## II. DISCUSSION
### A. Privacy Act Claims [FN4]

FN4. Plaintiff does not bring Privacy Act claims against any of the individual defendants. *See* Compl. ¶ 1 (Part I); Pl.'s Opp. to Fed. Defs.' Mot. to Dismiss at 9. If he had, the claims would be dismissed because individuals, government officials and government employees are not proper parties to a Privacy Act action. *Armstrong v. United States Bureau of Prisons,* 976 F.Supp. 17, 23 (D.D.C.1997), *aff'd,* 1998 WL 65543 (D.C.Cir. Jan.30, 1998); *see Reid v. Federal Bureau of Prisons,* No. 04-1845, 2005 WL 1699425 at *2 (D.D.C. July 20, 2005).

Plaintiff purports to bring Privacy Act claims against **Wackenhut,** a private corporation which operated the Taft Correctional Institution in Taft, California pursuant to a contract with BOP. Compl. ¶¶ 2-3. According to BOP's website (www.bop.gov), TCI is a private facility.

Generally, the Privacy Act regulates the collection, maintenance, and disclosure of personal information by federal executive branch agencies. It does not cover a private corporation, which is not an "agency" for purposes of the Privacy Act. *Unt v. Aerospace Corp.,* 765 F.2d 1440, 1450-51 (D.C.Cir.1985) (concluding that private nonprofit corporation formed to provide engineering and technical services to Air Force missile and space program is not an agency as term is defined in Privacy Act); *Dennie v. Univ. of Pittsburgh Sch. of Med.,* 589 F.Supp. 348, 352 (D.Vi.1984) (dismissing hospital and medical school as defendants for plaintiff's failure to allege facts showing substantial federal control or supervision necessary to characterize entities as "federal" for purposes of Privacy Act jurisdiction), *aff'd,* 770 F.2d 1068 (Table) (3d Cir.), *cert. denied,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985); *see* 5 U.S.C.

§§ 551(1), 552(f), 552a(1). Accordingly, plaintiff's Privacy Act claims against **Wackenhut** must be dismissed.

### B. Civil Rights Claims under *Bivens*

*2 The United States Court of Appeals for the District of Columbia Circuit instructs that "[c]ourts in this circuit must examine challenges to personal jurisdiction and **venue** carefully to guard against the danger that a plaintiff might manufacture **venue** in the District of Columbia." *Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C.Cir.1993).

#### 1. Personal Jurisdiction

A District of Columbia court may exercise personal jurisdiction over a person who is "domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia as to any claim for relief." [FN5] D.C.Code § 13-422. Plaintiff does not allege that any of the individual defendants are domiciled or incorporated in the District of Columbia, *see id.* ¶¶ 5-6, 8-25 (Part II), and thus fails to establish that they are persons over whom this Court may exercise jurisdiction under D.C.Code § 13-422. [FN6] *See Pollack v. Meese,* 737 F.Supp. 663, 665 (D.D.C.1990).

> FN5. With respect to defendant **Wackenhut,** plaintiff alleges that it is a "private, for profit corporation maintaining offices at 4200 **Wackenhut** Drive, Palm Beach Gardens, FL." Compl. ¶ 3 (Part II). He does not allege that **Wackenhut** is a corporation organized under District of Columbia law or maintaining a principal place of business in the District of Columbia. He does not establish personal jurisdiction under D.C.Code § 13-422.

> FN6. Plaintiff alleges that defendant Lappin is BOP's Director, and that defendant Watts maintains an office at BOP's Washington, D.C. headquarters. Compl. ¶¶ 4, 7 (Part II). Their domiciles, however, are not stated in the record.

The Court engages in a two-part inquiry in order to determine whether it may exercise personal jurisdic-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tion over a non-resident defendant. First, the Court must determine whether jurisdiction may be exercised under the District's long-arm statute. *GTE New Media Services, Inc. v. Bell South Corp.*, 199 F.3d 1343, 1347 (D.C.Cir.2000). Second, the Court must determine whether the exercise of personal jurisdiction satisfies due process requirements. *Id.* (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C.Cir.1995)).

Under the District's long-arm statute, a District of Columbia court may exercise personal jurisdiction over a non-resident defendant who either (1) transacts business in the District, (2) causes tortious injury in the District by an act or omission in the District, or (3) causes tortious injury in the District "by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." [FN7] D.C.Code § 13- 423(a). Plaintiff bears the burden of establishing that personal jurisdiction under the long-arm statute exists "by demonstrating a factual basis for the exercise of such jurisdiction over the defendant." *Novak-Canzeri v. Saud*, 864 F.Supp. 203, 205 (D.D.C.1993) (citing *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C.Cir.1988)). Plaintiff does not meet this burden.

> FN7. The District's long-arm statute sets forth alternative bases for long-arm jurisdiction. See D.C.Code § 13-423(a). None of these alternatives is relevant in this case.

Although persistent conduct undertaken in a person's individual capacity may constitute the transaction of business for purposes of the long-arm statute, *see Pollack v. Meese*, 737 F.Supp. at 666, the complaint sets forth no allegations that these defendants have any personal connection with the District of Columbia. The mere fact that defendants Haro, Ballash, Gonzalez and Brokenshire are employees of the BOP, the headquarters office of which is in the District of Columbia, does not render them subject to suit in their individual capacities in this district. *See Stafford v. Briggs*, 444 U.S. 527, 543-45, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980) (absent minimum contacts

other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity). Similarly, the fact that the **Wackenhut** employees at TCI work for a BOP contractor does not suffice.

**\*3** Finally, the complaint alleges no facts to establish that plaintiff suffered any injury in the District of Columbia. The actual injuries of which plaintiff complains occurred in California or, perhaps, Arizona. Regardless of whether these defendants acted within or outside of the District of Columbia, plaintiff suffered no injury here. Accordingly, the Court concludes that it lacks personal jurisdiction over **Wackenhut** or the individual defendants.

### 2. Venue

**Venue** for plaintiff's claims against the individual defendants in their individual capacities is determined under 28 U.S.C. § 1391(b). See *Stafford v. Briggs*, 444 U.S. at 544. Where, as here, the Court's jurisdiction is not based solely on diversity of citizenship, **venue** is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). By this standard, this case properly may proceed in the Eastern District of California, the judicial district where most of the events described in the complaint occurred.

### C. Transfer

In a case filed in a jurisdiction where **venue** is improper, the Court, in the interest of justice, may transfer the action to any other district where it could have been brought. 28 U.S.C. § 1406(a). The decision to transfer an action on this ground is left to the discretion of the Court. See *Novak-Canzeri*, 864 F.Supp. at 207. The Court may transfer an action even though it lacks personal jurisdiction over the defendants. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C.Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984).

Transfer is appropriate under section 1406(a) "when

Not Reported in F.Supp.2d                                                                    Page 4
Not Reported in F.Supp.2d, 2006 WL 667166 (D.D.C.)
**(Cite as: 2006 WL 667166 (D.D.C.))**

procedural obstacles [such as lack of personal juris-
diction and improper **venue**] impede an expeditious
and orderly adjudication on the merits." *Sinclair v.
Kleindienst,* 711 F.2d 291, 293-94 (D.C.Cir.1983)
(citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463,
466-67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)); *Cren-
shaw v. Antokol,* 287 F.Supp.2d 37, 45 (D.D.C.2003).
Further, "[i]t is in the interest of justice to transfer the
entire complaint rather than have it heard in two dif-
ferent **venues."** *In re O'Leska,* No. 00-5339, 2000
WL 1946653 *1 (D.C.Cir. Dec.7, 2000) (per curiam);
*Crenshaw v. Antokol,* 287 F.Supp.2d at 45.

In this case, the Court lacks personal jurisdiction over
**Wackenhut** and the individual defendants. The al-
leged events giving rise to plaintiff's claims occurred
principally in California, where **Wackenhut** and
BOP conduct business and where many of the indi-
vidual defendants likely reside. Although plaintiff's
Privacy Act claims may be brought in this district,
*see* 5 U.S.C. § 552a(g)(5), judicial economy is served
by transferring this civil action in its entirety. There-
fore, in the interest of justice, the Court will transfer
this action to the United States District Court for the
Eastern District of California. An Order consistent
with this Memorandum Opinion will be issued separ-
ately on this same date.

Not Reported in F.Supp.2d, 2006 WL 667166
(D.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Federal Judicial Caseload Statistics
## March 31, 2006

Office of Judges Programs
Statistics Division
Administrative Office of the United States Courts
Thurgood Marshall Federal Judiciary Building
Washington, D.C. 20544
Telephone: (202) 502-1441
E-Mail: SDInformation@ao.uscourts.gov


EXHIBIT
4

## Table C-1.
## U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Period Ending March 31, 2006

| Circuit and District | Total Civil Cases | | | | U.S. Civil Cases | | | | Private Civil Cases | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 |
| TOTAL | 283,209 | 244,068 | 281,220 | 246,057 | 45,408 | 47,298 | 51,290 | 41,416 | 237,801 | 196,770 | 229,930 | 204,641 |
| DC | 3,308 | 2,566 | 2,598 | 3,276 | 1,818 | 1,427 | 1,355 | 1,890 | 1,490 | 1,139 | 1,243 | 1,386 |
| 1ST | 7,453 | 6,139 | 6,539 | 7,053 | 1,291 | 1,438 | 1,431 | 1,298 | 6,162 | 4,701 | 5,108 | 5,755 |
| ME | 354 | 448 | 509 | 293 | 105 | 140 | 160 | 85 | 249 | 308 | 349 | 208 |
| MA | 3,926 | 3,213 | 3,316 | 3,823 | 593 | 633 | 580 | 646 | 3,333 | 2,580 | 2,736 | 3,177 |
| NH | 470 | 490 | 550 | 410 | 83 | 108 | 121 | 70 | 387 | 382 | 429 | 340 |
| RI | 775 | 580 | 540 | 815 | 109 | 145 | 114 | 140 | 666 | 435 | 426 | 675 |
| PR | 1,928 | 1,408 | 1,624 | 1,712 | 401 | 412 | 456 | 357 | 1,527 | 996 | 1,168 | 1,355 |
| 2ND | 31,830 | 22,422 | 22,080 | 32,172 | 4,159 | 3,489 | 3,660 | 3,988 | 27,671 | 18,933 | 18,420 | 28,184 |
| CT | 2,905 | 2,020 | 2,208 | 2,717 | 321 | 287 | 273 | 335 | 2,584 | 1,733 | 1,935 | 2,382 |
| NY,N | 2,535 | 1,687 | 1,511 | 2,711 | 512 | 419 | 332 | 599 | 2,023 | 1,268 | 1,179 | 2,112 |
| NY,E | 7,542 | 6,126 | 6,203 | 7,465 | 1,409 | 1,051 | 1,278 | 1,182 | 6,133 | 5,075 | 4,925 | 6,283 |
| NY,S | 15,918 | 10,520 | 10,156 | 16,282 | 1,222 | 1,091 | 1,107 | 1,206 | 14,696 | 9,429 | 9,049 | 15,076 |
| NY,W | 2,602 | 1,720 | 1,654 | 2,668 | 603 | 518 | 533 | 588 | 1,999 | 1,202 | 1,121 | 2,080 |
| VT | 328 | 349 | 348 | 329 | 92 | 123 | 137 | 78 | 236 | 226 | 211 | 251 |
| 3RD | 24,515 | 27,444 | 29,653 | 22,306 | 3,246 | 3,857 | 4,099 | 2,804 | 21,269 | 23,787 | 25,554 | 19,502 |
| DE | 1,733 | 1,067 | 1,367 | 1,433 | 148 | 103 | 89 | 162 | 1,585 | 964 | 1,278 | 1,271 |
| NJ | 6,187 | 6,103 | 6,478 | 5,812 | 1,058 | 1,024 | 1,197 | 885 | 5,129 | 5,079 | 5,281 | 4,927 |
| PA,E | 10,635 | 14,439 | 15,604 | 9,470 | 690 | 947 | 1,054 | 583 | 9,945 | 13,492 | 14,550 | 8,887 |
| PA,M | 2,172 | 2,819 | 2,957 | 2,034 | 569 | 877 | 1,000 | 446 | 1,603 | 1,942 | 1,957 | 1,588 |
| PA,W | 2,742 | 2,633 | 2,959 | 2,416 | 618 | 623 | 717 | 524 | 2,124 | 2,010 | 2,242 | 1,892 |
| VI | 1,046 | 383 | 288 | 1,141 | 163 | 83 | 42 | 204 | 883 | 300 | 246 | 937 |
| 4TH | 34,475 | 18,241 | 38,280 | 14,436 | 4,029 | 4,633 | 4,970 | 3,692 | 30,446 | 13,608 | 33,310 | 10,744 |
| MD | 3,062 | 3,532 | 3,652 | 2,942 | 638 | 882 | 875 | 645 | 2,424 | 2,650 | 2,777 | 2,297 |
| NC,E | 1,472 | 1,317 | 1,398 | 1,391 | 534 | 555 | 569 | 520 | 938 | 762 | 829 | 871 |
| NC,M | 1,088 | 1,201 | 1,277 | 1,012 | 325 | 425 | 426 | 324 | 763 | 776 | 851 | 688 |
| NC,W | 1,134 | 1,004 | 1,082 | 1,056 | 240 | 259 | 286 | 213 | 894 | 745 | 796 | 843 |
| SC | 22,504 | 3,768 | 23,072 | 3,200 | 774 | 851 | 920 | 705 | 21,730 | 2,917 | 22,152 | 2,495 |
| VA,E | 2,224 | 3,950 | 4,149 | 2,025 | 313 | 621 | 638 | 296 | 1,911 | 3,329 | 3,511 | 1,729 |
| VA,W | 909 | 1,382 | 1,498 | 793 | 319 | 492 | 561 | 250 | 590 | 890 | 937 | 543 |
| WV,N | 686 | 643 | 609 | 720 | 327 | 238 | 260 | 305 | 359 | 405 | 349 | 415 |
| WV,S | 1,396 | 1,444 | 1,543 | 1,297 | 559 | 310 | 435 | 434 | 837 | 1,134 | 1,108 | 863 |

# Table C-1. (March 31, 2006—Continued)

| Circuit and District | Total Civil Cases | | | | U.S. Civil Cases | | | | Private Civil Cases | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 |
| **5TH** | **33,227** | **34,622** | **31,296** | **36,553** | **4,682** | **5,856** | **6,103** | **4,435** | **28,545** | **28,766** | **25,193** | **32,118** |
| LA,E | 3,411 | 7,302 | 2,675 | 8,038 | 273 | 235 | 274 | 234 | 3,138 | 7,067 | 2,401 | 7,804 |
| LA,M | 8,799 | 1,504 | 1,510 | 8,793 | 84 | 80 | 78 | 86 | 8,715 | 1,424 | 1,432 | 8,707 |
| LA,W | 2,510 | 2,351 | 2,579 | 2,282 | 624 | 697 | 740 | 581 | 1,886 | 1,654 | 1,839 | 1,701 |
| MS,N | 1,494 | 1,182 | 1,170 | 1,506 | 113 | 102 | 101 | 114 | 1,381 | 1,080 | 1,069 | 1,392 |
| MS,S | 2,848 | 4,398 | 4,445 | 2,801 | 283 | 171 | 197 | 257 | 2,565 | 4,227 | 4,248 | 2,544 |
| TX,N | 3,581 | 4,577 | 4,761 | 3,397 | 644 | 891 | 893 | 642 | 2,937 | 3,686 | 3,868 | 2,755 |
| TX,E | 2,499 | 2,971 | 3,072 | 2,398 | 527 | 589 | 619 | 497 | 1,972 | 2,382 | 2,453 | 1,901 |
| TX,S | 5,392 | 6,912 | 7,424 | 4,880 | 1,379 | 2,014 | 2,118 | 1,275 | 4,013 | 4,898 | 5,306 | 3,605 |
| TX,W | 2,693 | 3,425 | 3,660 | 2,458 | 755 | 1,077 | 1,083 | 749 | 1,938 | 2,348 | 2,577 | 1,709 |
| **6TH** | **39,599** | **22,556** | **37,672** | **24,483** | **4,032** | **4,545** | **4,801** | **3,776** | **35,567** | **18,011** | **32,871** | **20,707** |
| KY,E | 1,787 | 2,188 | 2,327 | 1,648 | 837 | 1,150 | 1,231 | 756 | 950 | 1,038 | 1,096 | 892 |
| KY,W | 1,382 | 1,510 | 1,506 | 1,386 | 301 | 321 | 343 | 279 | 1,081 | 1,189 | 1,163 | 1,107 |
| MI,E | 19,397 | 5,642 | 20,101 | 4,938 | 748 | 1,013 | 1,069 | 692 | 18,649 | 4,629 | 19,032 | 4,246 |
| MI,W | 1,245 | 1,537 | 1,561 | 1,221 | 207 | 234 | 267 | 174 | 1,038 | 1,303 | 1,294 | 1,047 |
| OH,N | 7,757 | 5,176 | 4,805 | 8,128 | 407 | 599 | 542 | 464 | 7,350 | 4,577 | 4,263 | 7,664 |
| OH,S | 3,231 | 2,402 | 2,753 | 2,880 | 564 | 483 | 507 | 540 | 2,667 | 1,919 | 2,246 | 2,340 |
| TN,E | 1,817 | 1,334 | 1,661 | 1,490 | 385 | 270 | 371 | 284 | 1,432 | 1,064 | 1,290 | 1,206 |
| TN,M | 1,423 | 1,446 | 1,646 | 1,223 | 270 | 233 | 253 | 250 | 1,153 | 1,213 | 1,393 | 973 |
| TN,W | 1,560 | 1,321 | 1,312 | 1,569 | 313 | 242 | 218 | 337 | 1,247 | 1,079 | 1,094 | 1,232 |
| **7TH** | **14,940** | **16,811** | **17,044** | **14,707** | **2,128** | **2,659** | **2,752** | **2,035** | **12,812** | **14,152** | **14,292** | **12,672** |
| IL,N | 6,785 | 7,608 | 7,739 | 6,654 | 902 | 1,008 | 1,032 | 878 | 5,883 | 6,600 | 6,707 | 5,776 |
| IL,C | 992 | 1,076 | 1,093 | 975 | 138 | 232 | 196 | 174 | 854 | 844 | 897 | 801 |
| IL,S | 1,243 | 1,254 | 1,185 | 1,312 | 291 | 246 | 287 | 250 | 952 | 1,008 | 898 | 1,062 |
| IN,N | 1,676 | 1,885 | 1,941 | 1,620 | 214 | 288 | 313 | 189 | 1,462 | 1,597 | 1,628 | 1,431 |
| IN,S | 2,619 | 2,802 | 2,938 | 2,483 | 340 | 528 | 528 | 340 | 2,279 | 2,274 | 2,410 | 2,143 |
| WI,E | 1,344 | 1,428 | 1,358 | 1,414 | 181 | 192 | 226 | 147 | 1,163 | 1,236 | 1,132 | 1,267 |
| WI,W | 281 | 758 | 790 | 249 | 62 | 165 | 170 | 57 | 219 | 593 | 620 | 192 |
| **8TH** | **18,646** | **15,982** | **16,189** | **18,439** | **3,053** | **3,454** | **3,836** | **2,671** | **15,593** | **12,528** | **12,353** | **15,768** |
| AR,E | 3,515 | 2,954 | 2,508 | 3,961 | 562 | 626 | 722 | 466 | 2,953 | 2,328 | 1,786 | 3,495 |
| AR,W | 900 | 753 | 991 | 662 | 369 | 252 | 393 | 228 | 531 | 501 | 598 | 434 |
| IA,N | 599 | 569 | 598 | 570 | 224 | 229 | 217 | 236 | 375 | 340 | 381 | 334 |
| IA,S | 973 | 868 | 1,001 | 840 | 236 | 276 | 304 | 208 | 737 | 592 | 697 | 632 |
| MN | 7,288 | 3,676 | 4,122 | 6,842 | 279 | 376 | 361 | 294 | 7,009 | 3,300 | 3,761 | 6,548 |
| MO,E | 1,960 | 2,810 | 2,598 | 2,172 | 370 | 466 | 462 | 374 | 1,590 | 2,344 | 2,136 | 1,798 |
| MO,W | 1,923 | 2,597 | 2,682 | 1,838 | 629 | 740 | 838 | 531 | 1,294 | 1,857 | 1,844 | 1,307 |
| NE | 809 | 1,109 | 990 | 928 | 167 | 267 | 275 | 159 | 642 | 842 | 715 | 769 |
| ND | 249 | 230 | 239 | 240 | 81 | 89 | 97 | 73 | 168 | 141 | 142 | 167 |
| SD | 430 | 416 | 460 | 386 | 136 | 133 | 167 | 102 | 294 | 283 | 293 | 284 |

# Table C-1. (March 31, 2006—Continued)

| Circuit and District | Total Civil Cases | | | | U.S. Civil Cases | | | | Private Civil Cases | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 |
| **9TH** | **41,732** | **41,030** | **40,977** | **41,785** | **8,701** | **8,581** | **9,479** | **7,803** | **33,031** | **32,449** | **31,498** | **33,982** |
| AK | 373 | 367 | 338 | 402 | 154 | 121 | 129 | 146 | 219 | 246 | 209 | 256 |
| AZ | 4,292 | 5,006 | 4,343 | 4,955 | 868 | 866 | 930 | 804 | 3,424 | 4,140 | 3,413 | 4,151 |
| CA,N | 6,051 | 6,624 | 5,997 | 6,678 | 779 | 799 | 860 | 718 | 5,272 | 5,825 | 5,137 | 5,960 |
| CA,E | 5,465 | 4,197 | 3,897 | 5,765 | 1,069 | 748 | 804 | 1,013 | 4,396 | 3,449 | 3,093 | 4,752 |
| CA,C | 11,594 | 11,585 | 12,530 | 10,649 | 2,802 | 2,931 | 3,326 | 2,407 | 8,792 | 8,654 | 9,204 | 8,242 |
| CA,S | 2,017 | 2,646 | 2,668 | 1,995 | 554 | 582 | 712 | 424 | 1,463 | 2,064 | 1,956 | 1,571 |
| HI | 755 | 785 | 767 | 773 | 138 | 143 | 152 | 129 | 617 | 642 | 615 | 644 |
| ID | 692 | 567 | 582 | 677 | 178 | 138 | 146 | 170 | 514 | 429 | 436 | 507 |
| MT | 836 | 630 | 591 | 875 | 224 | 189 | 161 | 252 | 612 | 441 | 430 | 623 |
| NV | 2,464 | 2,232 | 2,149 | 2,547 | 351 | 312 | 318 | 345 | 2,113 | 1,920 | 1,831 | 2,202 |
| OR | 2,457 | 2,572 | 2,611 | 2,418 | 752 | 793 | 803 | 742 | 1,705 | 1,779 | 1,808 | 1,676 |
| WA,E | 635 | 736 | 777 | 594 | 243 | 291 | 341 | 193 | 392 | 445 | 436 | 401 |
| WA,W | 3,968 | 2,997 | 3,613 | 3,352 | 543 | 638 | 746 | 435 | 3,425 | 2,359 | 2,867 | 2,917 |
| GUAM | 81 | 39 | 80 | 40 | 37 | 18 | 41 | 14 | 44 | 21 | 39 | 26 |
| NMI | 52 | 47 | 34 | 65 | 9 | 12 | 10 | 11 | 43 | 35 | 24 | 54 |
| **10TH** | **9,847** | **10,089** | **10,812** | **9,124** | **2,297** | **2,396** | **2,598** | **2,095** | **7,550** | **7,693** | **8,214** | **7,029** |
| CO | 2,281 | 2,766 | 2,887 | 2,160 | 378 | 396 | 439 | 335 | 1,903 | 2,370 | 2,448 | 1,825 |
| KS | 1,535 | 1,537 | 1,598 | 1,474 | 359 | 457 | 451 | 365 | 1,176 | 1,080 | 1,147 | 1,109 |
| NM | 1,353 | 1,300 | 1,439 | 1,214 | 368 | 394 | 452 | 310 | 985 | 906 | 987 | 904 |
| OK,N | 1,036 | 779 | 929 | 886 | 221 | 170 | 216 | 175 | 815 | 609 | 713 | 711 |
| OK,E | 530 | 541 | 567 | 504 | 176 | 224 | 177 | 223 | 354 | 317 | 390 | 281 |
| OK,W | 1,294 | 1,576 | 1,713 | 1,157 | 336 | 350 | 424 | 262 | 958 | 1,226 | 1,289 | 895 |
| UT | 1,449 | 1,275 | 1,346 | 1,378 | 344 | 338 | 351 | 331 | 1,105 | 937 | 995 | 1,047 |
| WY | 369 | 315 | 333 | 351 | 115 | 67 | 88 | 94 | 254 | 248 | 245 | 257 |
| **11TH** | **23,637** | **26,166** | **28,080** | **21,723** | **5,972** | **5,163** | **6,206** | **4,929** | **17,665** | **21,003** | **21,874** | **16,794** |
| AL,N | 2,965 | 2,766 | 3,186 | 2,545 | 536 | 535 | 521 | 550 | 2,429 | 2,231 | 2,665 | 1,995 |
| AL,M | 1,227 | 1,274 | 1,244 | 1,257 | 226 | 197 | 191 | 232 | 1,001 | 1,077 | 1,053 | 1,025 |
| AL,S | 712 | 772 | 778 | 706 | 177 | 161 | 170 | 168 | 535 | 611 | 608 | 538 |
| FL,N | 1,305 | 1,498 | 1,540 | 1,263 | 422 | 368 | 443 | 347 | 883 | 1,130 | 1,097 | 916 |
| FL,M | 5,352 | 6,692 | 6,796 | 5,248 | 1,394 | 1,412 | 1,666 | 1,140 | 3,958 | 5,280 | 5,130 | 4,108 |
| FL,S | 6,397 | 6,829 | 7,528 | 5,698 | 2,200 | 1,378 | 1,934 | 1,644 | 4,197 | 5,451 | 5,594 | 4,054 |
| GA,N | 3,681 | 3,984 | 4,615 | 3,050 | 605 | 632 | 743 | 494 | 3,076 | 3,352 | 3,872 | 2,556 |
| GA,M | 1,034 | 1,194 | 1,168 | 1,060 | 233 | 288 | 295 | 226 | 801 | 906 | 873 | 834 |
| GA,S | 964 | 1,157 | 1,225 | 896 | 179 | 192 | 243 | 128 | 785 | 965 | 982 | 768 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH MATHIS, <u>et al.</u>,              ) | |
|            ) | |
|         Plaintiffs,       ) | |
|            ) | |
| v.                        ) | Case No. 1:07-cv-01155-RMU |
|            ) | |
| GEO GROUP, INC., <u>et al.</u>,         ) | |
|            ) | |
|         Defendants.      ) | |
|            ) | |

## <u>ORDER</u>

UPON CONSIDERATION of the Motion to Dismiss filed by Defendant GEO Group,

Inc., any opposition thereto, and the entire record herein, and the Court having concluded that

good cause has been shown; it is hereby

ORDERED that the Motion to Dismiss is GRANTED.

Date: _____

_____

The Honorable Ricardo M. Urbina
United States District Judge

<u>Copies to</u>:

Deborah J. Israel, Esq.
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, 7th Floor
Washington, DC 20005
*Counsel for Defendant GEO Group, Inc.*

Donald J. Ridings, Jr., Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Plaintiffs*