IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH MATHIS, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GEO GROUP, INC., *et al.*, )<br>)<br>Defendants. )<br>) | Case No. 1:07-cv-01155-RMU |

**DEFENDANT GEO GROUP, INC'S MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY**

I. **PLAINTIFFS ARE NOT ENTITLED TO LEAVE TO FILE A SUR-REPLY AS GEO DID NOT RAISE A NEW ARGUMENT IN ITS REPLY BRIEF**

Plaintiffs' attempt to obtain a second bite at the apple regarding whether the Court has personal jurisdiction over GEO should be denied. GEO's Reply Memorandum did not raise a new argument with respect to the government contacts exception, but instead merely addressed a deficiency in Plaintiffs' Response Brief. Thus, granting leave for Plaintiffs to file a sur-reply would unnecessarily delay the resolution of this preliminary issue and the motion should be denied.

"The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." *Flynn v. Veazy Const. Corp.*, 310 F. Supp. 2d 186, 189 (D. D.C. 2004). In order to be entitled to file a sur-reply, "the moving party must show that the reply filed by the moving party raised new arguments that were not included in the original motion." *Longwood Vill. Rest., Ltd. v. Aschcroft*, 157 F. Supp. 2d 61, 68 n. 3 (D. D.C. 2001). The matter which forms the basis for the sur-reply "*must be truly new.*" *United States v. Diabetes Treatment Ctrs.*

*of Am., Inc.*, 238 F. Supp. 2d 270, 276-77 (D. D.C. 2002) (emphasis added). This guideline allows for the conservation of time and resources, but prevents one party from sandbagging another. *See Corson & Gruman Co. v. Nat'l Labor Relations Bd.*, 899 F.2d 47, 50 n.4 (D.C. Cir. 1990).

In this case, Plaintiffs contend that GEO raised a new issue in its reply brief by discussing whether exercising personal jurisdiction over GEO would convert the District of Columbia into a national judicial forum for federal prisoner lawsuits. (Pls'. Mot. for Leave to File a Sur-Reply ¶ 2.) This contention is incorrect.

GEO's "national judicial forum" discussion is not a new argument, but instead a continuation of GEO's initial position that this court does not have personal jurisdiction over GEO pursuant to the government contacts exception to the District of Columbia's long-arm statute. (GEO Mem. at 1-4; GEO Reply Mem. at 1-5.) The Government Contracts Exception argument is the central argument of motion to dismiss and the "national judicial form" is simply one aspect of that exception. As explained in GEO's Reply Brief, the discussion of the "national judicial forum" issue was necessary because Plaintiffs' incorrectly asserted that policy positions underlying the Government Contacts Exception were limited solely to First Amendment concerns. (Pls'. Resp. Mem. at 10-11; GEO Reply Mem. at 1-2 ("The concerns encompassed in the government contacts exception go beyond the First Amendment issues set forth in Plaintiffs' brief.")). It is Plaintiffs, not GEO, who first raised the policy issues underlying the government contacts exception for the first time in their Response Brief.

There was no "sandbagging" in this case. Plaintiffs had the opportunity to fully brief issues related to the government contacts exception in their Response Brief. The fact that Plaintiffs either did not know or chose not to discuss the complete range of policy issues

surrounding the government contacts exception does not entitle them to a sur-reply when this shortcoming is discussed in a reply brief.

Plaintiffs' Motion should also be denied because the proposed sur-reply does not add anything new to the issue currently before the Court. Instead, the proposed sur-reply rehashes issues which were already raised in Plaintiffs' Response Memorandum. The first point raised in the proposed sur-reply, that this Court has a legitimate interest in the treatment of prisoners sentenced within its borders, is addressed on pages 15 and 20 of Plaintiffs' Response Memorandum. The second point raised in the proposed sur-reply, that this case includes persons currently residing in the District of Columbia, is also addressed on page 15 of Plaintiffs' Response Memorandum. The third point raised in the proposed sur-reply, that GEO expressly agreed to comply with D.C. law in the Rivers Contract, is addressed on pages 4 and 10 of Plaintiffs' Response Memorandum.

The fourth and fifth points raised in the proposed sur-reply do not deal with the "national judicial forum" issue and thus, go beyond the scope of issues which Plaintiff sought leave to respond. The fourth point argues that GEO's contacts with government officials were not related to a governmental function. This issue deals with the government contacts exceptions' First Amendment concerns, not the national judicial forum concerns. Furthermore, the fifth point argues that GEO had minimum contacts with the District of Columbia. The issue of whether GEO had minimum contacts with the District of Columbia is wholly distinct from whether Plaintiffs' can satisfy the requirements of the District of Columbia's long arm statute. *See United States v. Ferrara*, 54 F. 3d 825, 825 (D.C. Cir. 1995). As both of these points are not related to the alleged new argument, they should be disregarded by the Court as exceeding the scope of the issues which Plaintiffs sought leave to present in their sur-reply.

A review of the briefing in this matter demonstrates that GEO did not raise a new issue in its Reply Memorandum, but instead was responding to an argument raised by Plaintiffs in their Response Memorandum. Additionally, Plaintiffs' proposed sur-reply does not present a new argument for the Court's consideration, but instead rehashes arguments made in their Response Memorandum and discusses issues which are beyond the scope of the issue Plaintiffs sought leave to discuss. Thus, Plaintiffs' Motion for Leave to File a Sur-Reply should be denied.

## II. PLAINTIFFS ARE NOT ENTITLED TO LEAVE TO FILE A SUR-REPLY AS THEIR MOTION WAS UNTIMELY

While the Local Rules do not specify the time in which a motion for leave to file a sur-reply must be filed, the time cannot be greater than the time allotted to file the reply brief to which the sur-reply seeks to respond. Local Rule 7(d) requires that a reply brief be filed within five days of the service of a response brief. *See* L. Cv. R. 7(d). As GEO's reply brief was served on August 20, 2007, this five day period, combined with extensions permitted by the Federal Rules, expired on August 30, 2007. Plaintiffs' Motion for Leave to File a Sur-Reply was not filed until August 31, 2007, and, thus, is untimely and should not be allowed.

## CONCLUSION

Based upon the foregoing arguments and authorities, Plaintiffs' Motion for Leave to File Sur-Reply should be denied.

Respectfully submitted, this the 12th day of September, 2007.

/s/ Deborah J. Israel
Deborah J. Israel, Esq. (DC Bar No. 430841)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, 7th Floor
Washington, DC 20005
(202) 857-4466 (Telephone)
(202) 261-0034 (Facsimile)
*Counsel for GEO Group, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2007, a true and correct copy of the foregoing *DEFENDANT GEO GROUP, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY* has been served via CM/ECF on the following:

Danielle M. Estrada
Anthony Herman
Donald J. Ridings, Jr.
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Plaintiffs*

Karen L. Melnik
Kathryn L. Wyer
U.S. Attorney's Office
535 Fourth Street, NW
Room E4112
Washington, DC 20550
*Counsel for Bureau of Prisons and Harley Lappin*

Philip J. Fornaci
Donald Lee Kahl
Ivy Ann Lange
Washington Lawyers' Committee
For Civil Rights and Urban Affairs
11 Dupont Circle, NW Suite 400
Washington, DC 20036
*Counsel for Plaintiffs*

The undersigned hereby certifies that the foregoing has been served upon the following non-CM/ECF participant:

Donald J. Ridings, Jr.
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Plaintiffs*

/s/ Deborah J. Israel
Deborah J. Israel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH MATHIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GEO GROUP, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:07-cv-01155-RMU <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

UPON CONSIDERATION of the Motion for Leave to File a Sur-Reply filed by Plaintiffs, any opposition thereto, and the entire record herein, and the Court having concluded that good cause has been shown; it is hereby

ORDERED that the Motion for Leave to File a Sur-Reply is DENIED.

Date: _____

_____
The Honorable Ricardo M. Urbina
United States District Judge

Copies to:

Deborah J. Israel, Esq.
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, 7th Floor
Washington, DC 20005
*Counsel for Defendant GEO Group, Inc.*

Danielle M. Estrada
Anthony Herman
Donald J. Ridings, Jr.
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Plaintiffs*

Philip J. Fornaci
Donald Lee Kahl
Ivy Ann Lange
Washington Lawyers' Committee
For Civil Rights and Urban Affairs
11 Dupont Circle, NW Suite 400
Washington, DC 20036
*Counsel for Plaintiffs*

Karen L. Melnik
Kathryn L. Wyer
U.S. Attorney's Office
535 Fourth Street, NW
Room E4112
Washington, DC 20550
*Counsel for Bureau of Prisons & Harley Lappin*